ERIK FITTING, ESQ.
Nevada Bar No. 007336
ERIK FITTING & ASSOCIATES, LTD.
2450 St Rose Pkwy, Suite 110
Henderson, Nevada 89074
Phone: (702) 312-6965
Facsimile: (702) 212-8086
Email: efitting@msn.com
*Attorney for Plaintiffs Max Dufloo,
Corinne Dufloo and No Tan Lines
Republik*

ERIK FITTING & ASSOCIATES, LTD.
ERIK FITTING, ESQ.
2450 St Rose Parkway, Suite 110
Henderson, NV 89074

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| MAX DUFLOO, CORINNE DUFLOO And NO TAN LINES REPUBLIK, a Nevada Non-profit Corporation | ) ) ) Case No. |
|  | ) |
| Plaintiffs | ) |
| vs. | ) ) |
| CLARK COUNTY, NEVADA, a political Subdivision of the State of Nevada; and AARON D. FORD, in his official capacity As Attorney General of the State of Nevada Defendant. | ) ) ) ) ) ) ) ) |
|  | ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; DAMAGES; ATTORNEYS' FEES AND COST

COME NOW, Plaintiffs MAX DUFLOO, CORINNE DUFLOO, and NO TAN LINES REPUBLIK by and through their attorney of record, ERIK FITTING, ESQ. of the law offices of ERIK FITTING & ASSOCIATES, LTD., and for their claims against Defendants, and each of them, state and alleges as follows:

## Jurisdiction and Venue

This Court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiffs assert claims under the United States Constitution and 42 U.S.C. § 1983, as well as

- 1 -

ERIK FITTING & ASSOCIATES, LTD.
ERIK FITTING, ESQ.
2450 St Rose Parkway, Suite 110
Henderson, NV 89074

federal statutes including 47 U.S.C. § 230 and 18 U.S.C. §§ 2701–2712. The Court may grant declaratory relief under 28 U.S.C. §§ 2201–2202 and exercise supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside in, and a substantial part of the events or omissions giving rise to these claims occurred within the District of Nevada.

## Parties

Plaintiffs Max and Corinne Dufloo are a married couple who own and reside in a single-family home in unincorporated Clark County, Nevada located at 4153 Woodcrest Road, Las Vegas, Nevada 89121 (APN 161-19-111-007). In their private residence, they host small, quiet, consensual adult naturist gatherings as a non-commercial, privacy-respecting association. They have paid all taxes and utilities and have no violations of other County ordinances or building or fire codes. They satisfy the County's liability insurance requirement through the homeowners' owner's liability insurance policy, and, to the extent the County interprets Clark County Code § 7.100.170(c) to require limits above the owner's policy, Plaintiffs require guest liability insurance to bridge any difference so that the combined coverage meets or exceeds the per-occurrence minimum in § 7.100.170(c). Plaintiff No Tan Lines Republik is a Nevada non-profit corporation that does not operate for profit and facilitates peaceful, lawful naturist community activities, education, and association in private residential settings. Any monies received in connection with gatherings are voluntary donations not retained for personal gain and are used exclusively for charitable, educational, and community purposes. No profits are distributed to any property owner or operator. Defendant Clark County is a political subdivision of the State of Nevada responsible for enacting and enforcing the challenged ordinances. Defendant Aaron D. Ford is the Attorney General of Nevada and is sued in his official capacity for declaratory and injunctive relief connected to AB 363 and related enforcement.

- 2 -

ERIK FITTING & ASSOCIATES, LTD.
ERIK FITTING, ESQ.
2450 St Rose Parkway, Suite 110
Henderson, NV 89074

## Introduction

This civil-rights action challenges Clark County's short-term rental regime, codified primarily at Clark County Code Chapters 7.100 and 7.110, which purports to implement Nevada's Assembly Bill 363 (2021), codified at NRS 244.35351–.35356, but in practice operates as a de facto ban on residentially compatible short-term lodging in unincorporated Clark County. Rather than tailoring a licensing program to demonstrable harms, the County stacked a one percent license cap, a one thousand foot spacing rule between licensed homes, a twenty five hundred foot resort buffer, categorical exclusions of entire unincorporated townships, random interior inspections of bedrooms and bathrooms without pre-compliance judicial review, compelled monthly data disclosures, and publisher-style duties on online platforms, all backed by daily cumulative fines, pay-to-appeal deposits, nuisance designations, and lien powers. In contrast, within Clark County's boundaries, the City of Henderson, Municipal Code § 19.9.4.F and City of Henderson, Ordinance No. 3667, administer short-term rental frameworks that rely on objective, administrable standards rather than categorical township bans, countywide caps, or in-home surveillance hardware. North Las Vegas through adopted a similar provision Ordinance 3127/3040 predicated on historical factual data. Plaintiffs seek declaratory and injunctive relief, damages including just compensation, and fees and costs.

## Procedural History

In 2021, the Nevada Legislature enacted AB 363 to move Clark County from prohibition of short term rentals (STR) to regulation by directing the County to authorize short-term rentals through licensing and inspection, to adopt reasonable operating standards such as occupancy and spacing where supported, and to enlist platforms for tax collection and compliance. The statute's premise was legalization with enforceable conditions rather than continued bans.

On June 21, 2022, Clark County adopted File No. 22-0826, creating Chapters 7.100 and 7.110 of the Clark County Code. The County recited generalized "findings" referencing housing concerns, disruptive parties, and transient-lodging tax diversion, invoked police powers and AB 363, and concluded that licensing and restrictions were necessary. Publicly disclosed Board of Clark County Commissioners materials for the June 7, 2022 meeting and the ordinance adoption reflect no County-commissioned empirical studies on noise, crime, parking, housing displacement, or tax revenue, and list no fiscal impact statement, entries noting "FISCAL IMPACT: N/A." The record does not demonstrate that existing nuisance, building, and zoning tools were inadequate or that less restrictive alternatives could not manage alleged harm.

The County's ordinance imposes a one percent cap on total licenses, limits applicants to one license each, excludes entire unincorporated townships including the Town of Mt. Charleston as well as Moapa Township, Moapa Valley Township, Mesquite Township, and Bunkerville Township, defers to homeowners' association prohibitions, limits multifamily eligibility to a small percentage of units, and adds a one thousand foot spacing rule between licensed homes and a twenty five hundred foot resort buffer. It conducts a lottery and a long queue for processing and reserves authority for pre-license interior inspections of private bedrooms and bathrooms. It authorizes random interior inspections with forty-eight hours' notice and audits of books and records, yet provides no mechanism for pre-compliance judicial review. It imposes a two-night minimum, occupancy caps, a requirement for a local representative capable of responding within thirty minutes, and monthly owner reporting. Plaintiffs meet the County's insurance mandate by maintaining owner's liability insurance and, where necessary to reach the County's stated minimum, requiring guest liability insurance for the difference; together, these coverages meet or exceed the per-occurrence minimum contemplated by Clark County Code § 7.100.170(c). The ordinance further mandates

- 4 -

installation and operation of a functional street facing camera and interior noise monitoring devices inside the private home. Noncompliance may trigger placards, nuisance designations, daily cumulative fines, substantial pay-to-appeal deposits, and special assessments and liens.

Beyond owners, the County deputizes online platforms through Chapter 7.110 by requiring prepublication license verification, forced delisting of any listing lacking a valid license at the County's demand, and refusal to accept or process payments for unlicensed listings. It compels platforms to provide monthly data transmissions that include personally identifiable information, per-listing booking values, year-to-date revenues, and other information the Department deems necessary, with extreme penalties for noncompliance. These provisions collide with the Stored Communications Act and conflict with the Communications Decency Act's publisher liability immunity.

Implementation shows the scheme's functions as prohibition. The County opened intake in late 2022 but issued no licenses until August 2024. By mid-2025, only a small fraction (estimated to be less than 200) out of approximate 2,940 license capacity had been granted, with thousands of applications still pending, while enforcement accelerated through hundreds of administrative citations and high-dollar penalties. On information and belief, advocacy groups estimate a large shadow market, which predictably emerges when legalization is nominal, but licensure is practically unavailable. In August 2025 a Nevada district court held that the County's categorical septic system exclusion violated equal protection, confirming that blanket ineligibility without rational, evidence-based justification cannot stand. On August 28, 2025, a federal court preliminarily enjoined key platform policing provisions, recognizing that forced platform delisting of "unlicensed" listings amid a constricted licensing pipeline risks sweeping in lawful hosts and causing irreparable harms. These rulings confirm arbitrariness and as-

ERIK FITTING & ASSOCIATES, LTD.
ERIK FITTING, ESQ.
2450 St Rose Parkway, Suite 110
Henderson, NV 89074

applied defects where the government imposes severe compliance burdens while failing to provide a functioning path to licensure.

By contrast, the Cities of North Las Vegas and Henderson have implemented standards-based programs that provide a clear path to lawful operation without imposing countywide license caps, township wide exclusions, or mandatory in-home camera installations. North Las Vegas authorizes short-term rentals by Conditional Use Permit under Ordinance No. 3127, while Henderson regulates short-term vacation rentals under Development Code § 19.9.4.F and later broadened eligibility within Opportunity Districts by Ordinance No. 3667.

Plaintiffs' residence is in unincorporated Clark County and, by virtue of its location within a categorically excluded township under Chapter 7.100, they are ineligible to apply for any license. Through No Tan Lines Republik, they facilitate peaceful, private naturist association in a single-family setting. They stand ready to accept and satisfy AB 363-style conditions that the County employs in other areas, including insurance, occupancy calibrated to bedrooms and egress, quiet-hours enforcement and noise controls, a local agent, and hazard-specific measures such as defensible space and evacuation disclosures. The County's map line ends the inquiry. The scheme also conditions participation on standing consent to random interior inspections and on installation and operation of surveillance hardware in the home even though licensing is illusory for them as a matter of law. In practical effect, the ordinance eliminates Plaintiffs' lawful, peaceful associational use in a private home while casinos and hotels continue transient lodging at scale and may lawfully participate in residential short-term lodging exemptions. The County's disparate and harsher treatment of unincorporated residents, contrasted with less restrictive city regimes within Clark County, confirms irrational line-drawing that burdens both individual and organizational plaintiffs.

- 6 -

**Legal Argument**

Per Se Taking under the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983. The County compels permanent physical invasions of the home by mandating the installation and operation of residential surveillance hardware and interior noise-monitoring devices as a condition of use, which is a per se taking without regard to asserted public interests. *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 426 (1982). By appropriating the right to decide who may be included in the home, the County intrudes upon the most treasured stick in the bundle of property rights, the right to exclude and its corollary right to include. *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 149–50 (2021). This claim is asserted by Plaintiffs for their dwelling and by No Tan Lines Republik to the extent the ordinance conditions penalizes the organization's facilitation of residential association through compelled installation and operation of surveillance hardware at private homes in order to participate in the regulated activity.

Regulatory Taking under the Fifth and Fourteenth Amendments and 42 U.S.C. § 1983. Under *Penn Central Transportation Co. v. New York City*, 438 U.S. 104, 124 (1978), the economic impact is severe. Plaintiffs' distinct investment-backed expectations formed under AB 363's legalization mandate and the County's enactment, are defeated, and the character of the County's action is confiscatory and invasive. The scheme also fails *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 542 (2005), because it does not substantially advance its asserted ends when less restrictive tools are available and used elsewhere. The government may not force a discrete group alone to bear burdens, that in fairness should be borne by the public as a whole. *Armstrong v. United States*, 364 U.S. 40, 49 (1960).

Per Se and Regulatory Takings under the Nevada Constitution, art. 1, § 8(3). Nevada's takings doctrine is robust. In *McCarran Int'l Airport v. Sisolak*, 122 Nev. 645, 137 P.3d 1110,

- 7 -

ERIK FITTING & ASSOCIATES, LTD.
ERIK FITTING, ESQ.
2450 St Rose Parkway, Suite 110
Henderson, NV 89074

1126–27 (2006), the Nevada Supreme Court held that the County's avigation easement was a per se taking and emphasized Nevada's strong protection of private property. The County's mandatory hardware, categorical geography, and publisher-style obligations effect per se invasions and, alternatively, regulatory takings under Nevada law. See *City of Las Vegas v. 180 Land Co., LLC*, 140 Nev. Adv. Op. 51, 546 P.3d 1239, 1249 (2024). *Sheetz v. County of El Dorado*, 601 U.S. 267, 275 (2024), confirm that legislatively imposed burdens receive ordinary takings scrutiny.

Freedom of Association and Speech under the First Amendment and 42 U.S.C. § 1983. Plaintiffs' naturist association is both intimate and expressive. The County's elimination of naturist compatible residential lodging, coupled with compelled placards, surveillance, and platform delisting, burdens and chills association in the home, where constitutional protection is at its apex. *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617–18 (1984); *Boy Scouts of America v. Dale*, 530 U.S. 640, 648 (2000). No Tan Lines Republik asserts organizational standing because its mission is frustrated, and it must divert resources to counteract the County's regime; it also asserts associational standing on behalf of members and participants whose ability to gather in a private residence is foreclosed. Additionally, there are no other known short term lodging accommodations for naturist at any hotel or casino property in Clark County, Nevada, effectively eliminating any accommodations for this constitutionally protected class.

Due Process and Equal Protection under the Fourteenth Amendment and 42 U.S.C. § 1983. Even under rational-basis review, laws may not rest on conjecture or animus. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 448 (1985). The County's generalized "findings" are unsupported by empirical evidence, yet it imposes surveillance inside private homes, random interior inspections without pre-compliance review, a one percent cap, large hotel buffers, township-wide bans, and compelled platform monitoring. The categorical

- 8 -

township exclusions lack township specific findings and are arbitrary where conditions based regulation can address legitimate concerns. The County's disparate treatment of unincorporated residents, contrasted with less restrictive city regimes within the same county, confirms irrational line-drawing that injures both the individual and organizational plaintiffs.

Nevada Due Process and Equal Protection under Nev. Const. art. 1, §§ 8(5), and art. 4, § 21. Nevada prohibits arbitrary and capricious regulation unsupported by substantial evidence. The absence of a County-generated empirical record or fiscal analysis, combined with maximal intrusiveness and categorical geography, violates Nevada's parallel guarantees.

Unreasonable Searches and Lack of Pre-Compliance Review under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983. Clark County authorizes random interior inspections of bedrooms and bathrooms and audits of books and records without pre-compliance judicial review, contrary to *City of Los Angeles v. Patel*, 576 U.S. 409, 420 (2015), which requires an opportunity to obtain pre-compliance review before a neutral decisionmaker. Conditioning participation on standing access to the home and compelled surveillance hardware further renders the searches unreasonable, especially where licensure is illusory. Plaintiffs assert this claim with respect to their dwelling; No Tan Lines Republik asserts this claim insofar as the ordinance coerces or penalizes participation in residential gatherings unless invasive inspection and data demands are accepted.

Unreasonable Searches under Nev. Const. art. 1, § 18. For the same reasons, the inspection and data mandate powers violate Nevada's search and seizure protections.

Excessive Fines under the Eighth Amendment and Nevada Constitution art. 1, § 6. The County's daily cumulative fines, pay-to-appeal deposits, nuisance designations, and lien threats are grossly disproportional relative to unproven harms and therefore violate the Excessive Fines

- 9 -

Clause, which applies to the states. *Timbs v. Indiana*, 586 U.S. 146, 150 (2019); *United States v. Bajakajian*, 524 U.S. 321, 334 (1998).

Compelled Speech and Overbreadth under the First Amendment and 42 U.S.C. § 1983. The County compels creation and disclosure of sensitive, non-commercial information by owners and platforms, requiring monthly reports of personally identifiable information, booking values, revenues, and other data the Department deems necessary. These are content-based burdens that are not narrowly tailored. *National Institute of Family & Life Advocates v. Becerra*, 585 U.S. 755, 766, 782 (2018). The compelled placarding and hardware mandates similarly compel speech and conduct in private homes without being narrowly tailored.

Stored Communications Act, 18 U.S.C. §§ 2701–2712. Platforms such as Airbnb and similar services (including No Tan Lines Republik website) qualify as providers of electronic communication services and remote computing services, and the SCA prohibits divulging covered records to a governmental entity without appropriate legal process. The County's monthly data-dump mandate demands disclosure without subpoena, court order, or warrant and is preempted and unlawful under the SCA.

Communications Decency Act § 230, 47 U.S.C. § 230. By requiring platforms to verify licenses before publication, deactivate listings at the County's demand, and refuse to process payments for unlicensed listings, the County treats platforms as publishers of third-party content contrary to § 230. *Doe v. Internet Brands, Inc.*, 824 F.3d 846, 851 (9th Cir. 2016). The Ninth Circuit's *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676 (9th Cir. 2019), and *Rosenblatt v. City of Santa Monica*, 940 F.3d 439 (9th Cir. 2019), are distinguishable because Santa Monica regulated booking transactions in a functioning licensing regime and did not

ERIK FITTING & ASSOCIATES, LTD.
ERIK FITTING, ESQ.
2450 St Rose Parkway, Suite 110
Henderson, NV 89074

compel pre-publication verification, content removal on demand, or monthly Personally Identifiable Information and revenue feeds.

### State Law and Constitutional Context

Nevada distinguishes negligent delay from deliberate substantial interference tantamount to appropriation. *Buzz Stew, LLC v. City of North Las Vegas*, 124 Nev. 224, 181 P.3d 670, 673–76 (2008), and *Clark County v. Taggart Constr. Co.,* 96 Nev. 732, 615 P.2d 965 (1980), explain that inverse condemnation lies where government intentionally appropriates or so substantially interferes with property rights as to effect a taking. The County's choices here categorical township ineligibility, mechanical spacing that sterilizes neighborhoods even when licenses are dormant, a one percent cap that remains largely unused, and platform and inspection mandates applied while licensure is illusory, are legislative design, not bureaucratic error. California decisions sustaining some restrictions arise in different statutory contexts. *Ewing v. City of Carmel-by-the-Sea*, 234 Cal. App. 3d 1579 (1991), upheld a plan-based ban within discrete districts and did not involve a state law mandate to legalize and regulate. *Keen v. City of Manhattan Beach*, 67 Cal. App. 5th 1027 (2021), and *South Lake Tahoe Property Owners Group v. City of South Lake Tahoe* addressed local frameworks that did not impose compelled surveillance in private homes, countywide caps, or publisher-style obligations. *Kracke v. City of Santa Barbara*, 63 Cal. App. 5th 1089 (2021), invalidated prohibitions under the California Coastal Act, underscoring the context-specific limits of blanket bans. *HomeAway* concerned transactional regulations tethered to a licensing pathway and does not authorize Clark County's broader compelled verification, content removal on demand, and monthly data transmissions.

- 11 -

**ERIK FITTING & ASSOCIATES, LTD.**
**ERIK FITTING, ESQ.**
**2450 St Rose Parkway, Suite 110**
**Henderson, NV 89074**

**Irreputable Harm and Irreparable Injury**

Plaintiffs have lost the ability to pursue a lawful, peaceful associational use in a private home; they have suffered and continue to suffer economic losses and the deprivation of constitutional rights that are irreparable as a matter of law. The County's enforcement posture and continuing effect of the ordinances chill Plaintiffs' freedom of association and speech, subject them to unreasonable searches, and expose them to excessive fines. Structural relief is necessary to restore AB 363's promise of regulation and to prevent ongoing constitutional injury to Plaintiffs and to No Tan Lines Republik's mission and members.

**Prayer for Relief**

Plaintiffs request a declaratory judgment that Clark County Code Chapters 7.100 and 7.110, including but not limited to §§ 7.100.050, 7.100.060, 7.100.070, 7.100.080(c), (d), (e), (f), 7.100.100(f), (g), (h), 7.100.120, 7.100.150, 7.100.160(a)–(c), 7.100.170(c), (d), (f), (o), (q), (r), 7.100.170(i)(2), 7.100.180(b), 7.100.200(b), (c)(1), 7.100.220, 7.100.230, 1.14.070, and 7.110.030, 7.110.060, 7.110.080(a), (c), (e)–(f), 7.110.090, 7.110.100, 7.110.110–.120, violate the United States Constitution, the Nevada Constitution, the Stored Communications Act, and 47 U.S.C. § 230, on their face and as applied to Plaintiffs. Plaintiffs seek preliminary and permanent injunctions restraining Defendants and those in active concert with them from enforcing the foregoing provisions, including any reporting, verification, delisting, random interior inspections, surveillance device mandates, cap, buffer, lottery, township ban, and pay-to-appeal provisions. Plaintiffs request orders *vacating and voiding any administrative penalties, civil fines, fees, surcharges, interest, liens, and special assessments imposed or threatened against them pursuant to Chapters 7.100 and 7.110* (currently assessed in excess of $65,850.00), and directing the withdrawal and expungement of any related recordings, together

with correction of public records and written notice to any credit or collection agencies withdrawing prior reports. Plaintiffs seek restitution and refund of amounts paid, pre- and post-judgment interest, and an award of just compensation and damages available under federal and Nevada takings law and 42 U.S.C. § 1983, including for per se and regulatory takings, unconstitutional conditions, unreasonable searches, compelled speech, and chilled association. Plaintiffs request reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988 and any other applicable authority, and such further legal and equitable relief as the Court deems just and proper.

## Jury Demand

Plaintiffs demand a trial by jury on all issues so triable.

DATED this 17th day of October 2025.

ERIK FITTING & ASSOCIATES, LTD.

ERIK FITTING, ESQ.
Nevada Bar No. 7336
2450 St Rose Pkwy, Suite 110
Henderson, NV 89074
(702) 312-6965
efitting@msn.com
*Attorney for Plaintiffs Max Dufloo,*
*Corinne Dufloo and No Tax Lines*
*Republik*

ERIK FITTING & ASSOCIATES, LTD.
ERIK FITTING, ESQ.
2450 St Rose Parkway, Suite 110
Henderson, NV 89074

- 13 -

## VERIFICATION OF MAX DUFLOO

I, MAX DUFLOO, hereby declare that I am the Plaintiff in the above-captioned case, I have read the above and the foregoing COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; DAMAGES; ATTORNEYS' FEES AND COSTS, and declare that the facts stated therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this __17__ day of October, 2025.

_____
MAX DUFLOO

## VERIFICATION OF CORINNE DUFLOO

I, CORINNE DUFLOO, hereby declare that I am the Plaintiff in the above-captioned case, I have read the above and the foregoing COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; DAMAGES; ATTORNEYS' FEES AND COSTS, and declare that the facts stated therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this __17__ day of October, 2025.

_____
CORINNE DUFLOO

ERIK FITTING & ASSOCIATES, LTD.
ERIK FITTING, ESQ.
2450 St Rose Parkway, Suite 110
Henderson, NV 89074

- 14 -