UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Max Dufloo, et al., | Case No. 2:25-cv-02026-BNW |
| Plaintiffs, | |
| v. | ORDER |
| Clark County Nevada, et al., | |
| Defendants. | |

Pending before the Court are three motions: Plaintiffs' motion to amend (ECF No. 19); Defendants' motion to dismiss (ECF No. 14); and Defendants' motion for more definite statement (ECF No. 15). As discussed below, the Court strikes its prior minute order (ECF No. 18) and finds that Plaintiffs properly filed their amended complaint as a matter of course at ECF No. 12. Accordingly, the Court denies the three pending motions as moot.

I. **BACKGROUND**

Plaintiffs served Defendants with their complaint (ECF No. 1) on October 22, 2025. ECF Nos. 6 and 7. Defendants moved to extend the time to file their response from November 12, 2025, to November 17, 2025. ECF No. 8. The Court granted the motion as unopposed. ECF No. 11. On November 17, 2025, Plaintiffs filed an amended complaint (ECF No. 12), and Defendants filed a motion to strike the amended complaint (ECF No. 13), a motion to dismiss (ECF No. 14), and a motion for more definite statement (ECF No. 15).

In Defendants motion to strike, they argued that Plaintiffs did not properly file their amended complaint under Rule 15(a)(1) because it was filed more than 21 days after service but before the responsive pleadings. ECF No. 13. Plaintiffs did not oppose. The Court entered the following minute order granting Defendants' motion to strike:

> Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course no later than 21 days after serving it or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Here, Plaintiff served his complaint on October 22, 2025, and he filed his amended complaint on November 17, 2025. ECF Nos. 6–7, 12. Defendant Ford filed a motion to dismiss after

>Plaintiff filed his amended complaint (though both were filed on the same day). ECF No. 14. Defendant moves to strike the amended complaint because it was not filed within either allowable time period under Rule 15. ECF No. 13. Plaintiff did not oppose the motion. *See* Local Rule 7-2(d) (explaining that courts may grant motions as unopposed). Here, Plaintiff did not amend as a matter of course within the time periods allowed by Rule 15(a)(1). First, he filed the amended complaint more than 21 days after serving his original complaint. Second, he filed his amended complaint before a responsive pleading or motion had been served, so the 21-day period under Rule 15(a)(1)(B) had not yet begun.

ECF No. 18. Plaintiff subsequently moved to amend. ECF No. 19.[1] Defendants did not oppose.

## II. DISCUSSION

Rule 15(a)(1) states that "[a] party may amend its pleading once as a matter of course *no later than*: (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or . . . motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1) (emphasis added). In all other cases, parties must seek the opposing party's written consent or the court's leave to amend. Fed. R. Civ. P. 15(a)(2). Prior to 2023, Rule 15(a)(1) stated that "[a] party may amend its pleading once as a matter of course *within*" the two time periods. Fed. R. Civ. P. 15(a)(1) (2009) (emphasis added). The Committee Notes on this amendment are particularly relevant:

>Rule 15(a)(1) is amended to substitute "no later than" for "within" to measure the time allowed to amend once as a matter of course. A literal reading of "within" would lead to an untoward practice if a pleading is one to which a responsive pleading is required and neither a responsive pleading nor one of the Rule 12 motions has been served within 21 days after service of the pleading. Under this reading, the time to amend once as a matter of course lapses 21 days after the pleading is served and is revived only on the later service of a responsive pleading or one of the Rule 12 motions. There is no reason to suspend the right to amend in this way. "No later than" makes it clear that the right to amend continues without interruption until 21 days after the earlier of the events described in Rule 15(a)(1)(B).

Fed. R. Civ. P. 15 advisory committee's notes to 2023 amendment.

Here, Defendants did not file their Rule 12 motion within 21 days of service of the complaint. Under the prior version of the rule, Plaintiffs' time to amend as a matter of course would lapse and only be revived upon the filing of a responsive pleading or Rule 12 motion. But

---

[1] Plaintiffs' amended complaint at ECF No. 12 is identical to their proposed amended complaint at ECF No. 19-1.

the 2023 amendment was enacted to prevent this precise situation. Under the current version of the rule, Plaintiffs filed their amended complaint "no later than" 21 days after Defendants served their motion to dismiss. Thus, finding that Plaintiffs timely filed their amended complaint as a matter of course under Rule 15(a)(1) comports with the committee notes that the right to amend "continues without interruption" until 21 days after Defendants file a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier.

### III.  CONCLUSION

**IT IS ORDERED** that the Court's minute order at ECF No. 18 is STRICKEN.

**IT IS FURTHER ORDERED** that the Clerk's Office re-docket the amended complaint that was previously stricken at ECF No. 12 with the same filing date of November 17, 2025. This will be the operative complaint.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to amend (ECF No. 19) is DENIED as moot.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 14) and motion for more definite statement (ECF No. 15) are DENIED without prejudice as they are directed at an inoperative complaint.

DATED: December 18, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE