**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Max Dufloo, et al.,

        Plaintiffs,

  v.

Clark County Nevada, et al.,

        Defendants.

Case No. 2:25-cv-02026-BNW

**ORDER**

Before this Court is Defendant Ford's motion to dismiss. ECF No. 25. Plaintiffs responded at ECF No. 26, and Defendant Ford replied at ECF No. 27. The parties are familiar with the facts and arguments, so this Court only repeats them as necessary to the order. For the reasons discussed below, this Court grants the motion to dismiss with leave to amend.

I.    **DISCUSSION**

    A.  **Legal Standard**

The court may dismiss a complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). A jurisdictional challenge may be facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). For facial attacks, the court determines whether the complaint's allegations are sufficient on their face to invoke federal jurisdiction, and it accepts all material allegations as true, construing them in favor of the party asserting jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039.

"[A]lthough sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit." *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). Once a defendant asserts sovereign immunity under Rule 12(b)(1), "'the party asserting subject matter jurisdiction has the burden of proving its existence,' i.e. that immunity does not bar the suit." *Id.* (quoting *Miller v. Wright*, 705 F.3d 919, 923 (9th Cir. 2013)).

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "For sovereign-immunity purposes, we treat [a] suit against state officials in their official capacities as a suit against the state [of Nevada]." *Holley v. California Dep't Of Corr.*, 599 F.3d 1108 (9th Cir. 2010) (citing *Hafer v. Melo,* 502 U.S. 21, 25 (1991)). The Eleventh Amendment bars such a suit unless (1) Congress has abrogated state sovereign immunity under its lawmaking powers conferred by the United States Constitution, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 80 (2000); (2) a state has waived its Eleventh Amendment immunity by consenting to suit, *College Sav. Bank Florida v. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); or (3) the plaintiff sues a state official in his or her official capacity for prospective injunctive relief under the *Ex parte Young* doctrine, *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 73 (1996).

The *Ex parte Young* doctrine provides that the Eleventh Amendment does not bar suits for prospective injunctive relief brought against state officers "'in their official capacities, to enjoin an alleged ongoing violation of federal law.'" *Hason v. Med. Bd. of California*, 279 F.3d 1167, 1171 (9th Cir. 2002) (quoting *Agua Caliente Band of Cahuilla Indians v. Hardin,* 223 F.3d 1041, 1045 (9th Cir. 2000)). To qualify as a "state official" within the meaning of *Ex parte Young*, the official "must have some connection with the enforcement of the act." *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) (quoting *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (internal quotations omitted)). "That connection 'must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit.'" *Id.* (quoting *Brown*, 674 F.3d at 1134).

Rule 15 requires district courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it

determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quotation omitted). Amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

**B. Plaintiffs failed to meet their burden of proving that Defendant Ford is not immune from suit.**

The Eleventh Amendment bars suit absent three exceptions. Neither party addressed the first exception. The second exception, state waiver, also does not apply because "[t]he State of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution of the United States." Nev. Rev. Stat. § 41.031(3). In turn, the issue here is whether the *Ex parte Young* doctrine applies.

In the amended complaint, Plaintiffs assert: "Defendant Aaron D. Ford is the Attorney General of Nevada and is sued in his official capacity for declaratory and injunctive relief connected to AB 363 and related enforcement." ECF No. 24 at 2. Defendant Ford argues that he is immune from suit because Plaintiffs have not alleged any ongoing, unlawful enforcement action by Defendant Ford because they do not claim AB 363 is unlawful. ECF No. 25 at 3. Defendant Ford points to Plaintiffs' complaint, in which they allege that they "stand ready to accept and satisfy AB 363-style conditions that the County employs in other areas . . . ." *Id.* (citing ECF No. 24 at 6).

Defendant Ford puts forth a facial attack, so this Court accepts all material allegations as true and construes them in favor of the party asserting jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). Still, Plaintiffs have the burden of proving that Defendant Ford is not immune from suit. *See Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). But Plaintiffs did not address immunity (or any of Defendant Ford's arguments for that matter). And even construing the allegations in Plaintiffs' favor, it is not clear whether they allege that AB 363 is unlawful. Moreover, Plaintiffs do not allege a "fairly direct" connection between Defendant Ford and enforcement of the unlawful conduct such that this Court can find that the *Ex parte Young* doctrine applies.

This Court grants the motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction because Plaintiffs have not alleged sufficient facts showing that Defendant Ford is not immune from suit. However, given the lack of argument in the response and the sparse allegations as to Defendant Ford in the amended complaint, Plaintiffs may be able to allege facts to cure this deficiency. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). So, this Court will dismiss the complaint as to Defendant Ford with leave to amend.

Defendant Ford also argues that Plaintiffs: (1) lack standing to pursue claims against Defendant Ford because they have no legally cognizable injury in a short-term rental license and cannot allege that Defendant Ford caused their supposed injuries; (2) fail to state a claim for relief against Defendant Ford because they do not identify what statute or action of Defendant Ford is unlawful and because Defendant Ford is not a person under 42 U.S.C. 1983; and (3) fail to state a claim for relief under the Communications Decency Act because they lack standing. ECF No. 25 at 4–9. This Court declines to address these arguments because Plaintiffs have not alleged sufficient facts showing that this Court has subject-matter jurisdiction over Defendant Ford. "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). Courts in the Ninth Circuit have similarly declined to address remaining arguments in a motion to dismiss after dismissing a complaint based on lack of subject-matter jurisdiction, even if dismissal was with leave to amend. *See, e.g.*, *SERIES 15-09-321 v. Ins. Exch.*, No. CV 23-8684-KK-ASX, 2024 WL 6078952, at *4 n.3 (C.D. Cal. May 28, 2024).

Even if this Court were to consider the remaining arguments, Plaintiffs do not address them. This Court could grant the motion to dismiss on these points as unopposed. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion."). But it need not do so as it has already dismissed the amended

complaint against Defendant Ford on immunity grounds. To the extent Plaintiffs can cure these deficiencies through amendment, they should do so.

## II.  CONCLUSION

**IT IS ORDERED** that Defendant Ford's motion to dismiss (ECF No. 25) is **GRANTED**. The amended complaint (ECF No. 24) is dismissed without prejudice as to Defendant Ford only. Should Plaintiffs choose to amend, they must do so by June 22, 2026.

DATED: May 12, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE