**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Max Dufloo, et al., | Case No. 2:25-cv-02026-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Clark County Nevada, et al., | |
| Defendants. | |

Before this Court is Defendant Clark County's motion for judgment on the pleadings. ECF No. 32. Plaintiffs responded at ECF No. 33, and Defendant Clark County replied at ECF No. 34. For the reasons discussed below, this Court grants the motion but allows Plaintiffs leave to amend.

**I.    BACKGROUND**

**A.  Facts and Procedural History**

In 2021, Nevada passed Assembly Bill 363 ("AB 363"), ending Clark County's longstanding ban on short-term rentals. Nev. Rev. Stat. § 244.353545.1. AB 363 mandated Clark County to implement a process allowing for short-term rentals to operate. Nev. Rev. Stat. § 244.35351–35359. Clark County did so by enacting Clark County Code Chapters 7.100 and 7.110 ("the ordinance"), which permitted short-term rentals subject to licensing requirements.

Plaintiffs Max and Corinne Dufloo and No Tan Lines Republik seek to invalidate the ordinance as unconstitutional. The Dufloos reside in a single-family home in Clark County, Nevada, where they host consensual, adult, naturist gatherings. ECF No. 24, ¶ 2. No Tan Lines Republik is a Nevada non-profit corporation dedicated to facilitating "peaceful, lawful naturist community activities, education, and association in private residential settings." *Id.* Together, Plaintiffs allege that the ordinance violates the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, several clauses of the Nevada constitution, the Stored Communications Act (18 U.S.C. §§ 2701–2712), and the Communications Decency Act (47 U.S.C. § 230). *Id.* ¶¶ 14–22.

More specifically, Plaintiffs allege that the ordinance excludes entire unincorporated townships, reserves authority for pre-license interior inspections of private bedrooms and bathrooms, authorizes random interior inspections with 48-hours' notice, and mandates the installation and operation of a functional street-facing camera and noise monitoring devices inside the home. *Id.* ¶ 6. Plaintiffs claim that their residence is in one of the categorically excluded townships, so they are ineligible to apply for a license. *Id.* ¶ 10. Plaintiffs further allege the implementation of the ordinance has functioned as a prohibition because Clark County opened intake in late 2022 but did not issue licenses until August 2024, and by 2025, only a small fraction of licenses had been granted (with thousands still pending). *Id.* ¶ 8. Finally, Plaintiffs allege that the ordinance eliminates Plaintiffs' lawful, peaceful association in a private home. *Id.*

### B. Parties' Arguments

Defendant Clark County moves for judgment on the pleadings to dismiss Plaintiffs' claims with prejudice. ECF No. 32. First, it argues that Plaintiffs lack an injury-in-fact to establish Article III standing. Defendant Clark County explains that Plaintiffs do not allege that they applied for a license, wanted to apply for a license, were denied a license, or were fined for operating without a license, and they do not allege how the challenged ordinance and its licensing requirements have been applied to them. *Id.* at 4–5. Defendant Clark County further argues that Plaintiffs may have naturist associations without obtaining a short-term rental license. *Id.* Second, it argues that Plaintiffs have failed to state a claim upon which relief may be granted. *Id.* at 10–16.

Plaintiffs respond that they have adequately alleged standing. "Plaintiffs reside at the property, use it, host gatherings there, use it for sober lodging addressing substance, alcohol, and gambling addiction recovery, wish to sell it because of liens or lien consequences, and are ineligible to apply for a short-term rental license because the residence is in a categorically excluded township." ECF No. 33 at 5. Plaintiffs argue that the inability to access the licensing process is an injury. *Id.* They cite a case from this district in which a judge considered a challenge to the ordinance and identified three categories of affected homeowners with Article III standing. *Id.*

Defendants reply that the property is located in Paradise, which is not an excluded township, so Plaintiffs are eligible to apply for a short-term rental license. ECF No. 34 at 2. Moreover, Defendants point out that Plaintiffs never alleged they wanted to apply for a license but could not because the application window was closed. *Id.* at 3. Defendants further argue that the district of Nevada case is distinct and that the decision Plaintiffs rely on is being appealed. *Id.*

## II.    DISCUSSION

### A.  Motions for Judgment on the Pleadings and Judicial Notice

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). The court must construe all factual allegations "in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the same standard of review applies to motions brought under either rule." *U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Accordingly, the court "must assess whether the complaint 'contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Chavez,* 683 F.3d at 1108 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court need not, however, "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *see also Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, th[e] court may consider facts that 'are contained in materials of which the court may take judicial notice.'") (quoting *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)). Government documents, court filings, and court orders are matters of public record and are proper subjects of judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Friends of the Clearwater v. Higgins*, 523

F. Supp. 3d 1213, 1222 (D. Idaho 2021) ("[Courts] may take judicial notice of government documents to prove their existence and contents . . . ."). This includes property records. *Ortiz-Luis v. Fed. Home Loan Mortg. Corp.*, No. 21-CV-989-CAB-AHG, 2021 WL 3533059, at \*2 (S.D. Cal. Aug. 11, 2021) ("Public property records may be judicially noticed.") (citing *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004)).

Here, this Court will judicially notice the quitclaim deed showing that Ticonia Trust owns the property. Ex. 1. Plaintiffs Max and Corinne Dufloo are listed as co-trustees. *Id.* This Court also judicially notices a public record showing that the property is located in Paradise, Nevada. Ex. 2.

### B. Article III Standing

The judicial power of the federal courts is limited to "cases" and "controversies." U.S. Const., Art. III, § 2. "The question of whether a party has standing to sue under Article III is a threshold issue that must be addressed before turning to the merits of a case." *Shulman v. Kaplan*, 58 F.4th 404, 407 (9th Cir. 2023). At the pleading stage, a plaintiff must establish standing by showing (1) an injury in fact that is concrete and particularized and actual or imminent, (2) a causal connection between the injury and the defendant's conduct, and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way," and must also be "concrete." *Id.* at 339 (cleaned up).

"Regardless of whether a plaintiff raises a facial challenge or an 'as-applied' challenge, the plaintiff must still demonstrate standing to bring an action in federal court." *Score LLC v. City of Shoreline*, 319 F. Supp. 2d 1224, 1229 (W.D. Wash. 2004). "The party invoking federal jurisdiction bears the burden of demonstrating standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31 (2021). "[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate

standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *Id.* at 431. At least one plaintiff must have standing to satisfy Article III's case-and-controversy requirement. *Discopolus LLC v. City of Reno*, No. 3:17-CV-00574-MMD-VPC, 2017 WL 6378969, at *7 (D. Nev. Dec. 13, 2017) (citing *Massachusetts v. E.P.A.*, 549 U.S. 497, 518 (2007)).

The Ninth Circuit recognizes that First Amendment cases raise "unique standing considerations . . . that tilt[] dramatically toward a finding of standing." *Lopez v. Candaele*, 630 F.3d 775, 781 (9th Cir. 2010) (quoting *Ariz. Right to Life Pol. Action Comm. v. Bayless*, 320 F.3d 1002, 1006 (9th Cir. 2003) and *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1155 (9th Cir. 2000)). This is because "a chilling of the exercise of First Amendment rights is, itself, a constitutionally sufficient injury." *Libertarian Party of L.A. Cnty. v. Bowen*, 709 F.3d 867, 870 (9th Cir. 2013). Thus, "plaintiffs may establish an injury-in-fact without first suffering a direct injury from the challenged restriction," often known as a pre-enforcement action. *Lopez*, 630 F.3d at 785.

Given the more relaxed standing requirements in the First Amendment context, the Court separately considers whether Plaintiffs have standing as to their First Amendment claims.

### i. Standing as to Non-First Amendment Claims

Plaintiffs have failed to establish standing as to their non-First Amendment challenges because they have not alleged an injury-in-fact. The crucial problem is that Plaintiffs have not alleged that they applied for a license, or cannot apply for a license, or have been denied a license. "There is a long line of cases . . . that hold that a plaintiff lacks standing to challenge a rule or policy to which he has not submitted himself by actually applying for the desired benefit." *Madsen v. Boise State Univ.*, 976 F.2d 1219, 1220 (9th Cir. 1992) (collecting cases).

Although Plaintiffs allege that they are ineligible to apply for a license because their property is in an excluded township, this Court declines to accept this as true because it is contradicted by judicially noticed records. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."). As mentioned above, records show that the property is located in Paradise.

Ex. 2. Paradise is not an excluded township under the ordinance. Clark County Code § 7.100.080(c).

While Plaintiffs allege many problems with the ordinance, any harm Plaintiffs allege is hypothetical. For example, Plaintiffs allege that the ordinance constitutes a physical taking because it requires that surveillance and noise-monitoring hardware be installed. But the possibility that such hardware would be installed on Plaintiffs' property is not concrete or imminent because Plaintiffs have not applied for a license. Similarly, Plaintiffs allege the ordinance constitutes a regulatory taking because they had investment-backed expectations and suffered economic impact. This is a vague, legal conclusion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that courts are "not bound to accept as true a legal conclusion couched as a factual allegation.")). Plaintiffs allege no facts showing what economic impact they suffered—i.e., they do not allege that they were fined under the ordinance. *Id.*[1]

Furthermore, Plaintiffs' allegation that the ordinance does not satisfy rational basis is another vague, legal conclusion. And Plaintiffs' complaint that cities like North Las Vegas and Henderson have less restrictive short-term-rental-license laws, which leads to disparate treatment of unincorporated residents, still fails to show an injury-in-fact. Relatedly, Plaintiffs' claim that the ordinance authorizes unreasonable searches (that is, safety inspections without judicial review) is insufficient to establish an injury. Plaintiffs fail to establish that they are or would be subject to alleged disparate treatment or an unreasonable search given that they have not applied for a license, been denied a license, or alleged that they cannot apply for a license (on a basis other than excluded township). Put differently, such injuries are hypothetical or conjectural.

---

[1] Plaintiffs allege that they have "no violations of *other* County ordinances or building or fire codes" and that they cannot sell the property due to liens. ECF No. 24, ¶ 2 (emphasis added); ECF No. 33 at 5. In their prayer for relief, Plaintiffs request an order "vacating and voiding any administrative penalties, civil fines, fees, surcharges, interest, liens, and special assessments imposed or threatened against them pursuant to Chapters 7.100 and 7.110 . . . ." ECF No. 24, ¶ 25. While these statements *hint* that Plaintiffs have been fined under the ordinance, or faced the threats of fines, they never allege as much. Plaintiffs do not state whether the their property has liens due to the ordinance. Even construing the allegations in Plaintiffs' favor, the Court will not infer Plaintiffs' injuries from merely suggestive statements.

In addition, Plaintiffs do not allege that they were fined under the ordinance. *See* footnote 1. Nor do Plaintiffs allege that they have acted in a manner that would make future fines imminent.

Moreover, Plaintiffs' allegations that the ordinance requires No Tan Lines Republik to disclose information that violates the Stored Communications Act fails to show an injury. Plaintiffs' allegations that the ordinance requires platforms to verify licenses before publication, deactivate listings at the county's demand, and refuse to process payments for unlicensed listings in violation of the Communications Decency Act also fails to show an injury. Again, Plaintiffs do not establish that forced disclosure or required verification/deactivation/refusal is an actual or imminent injury given that they have not applied for a license, been denied a license, or alleged that they cannot apply for a license (on a basis other than excluded township).

Finally, Plaintiffs' reliance on *Greater Las Vegas Short-Term Rental Association v. Clark County* to establish standing is unconvincing. 813 F. Supp. 1187 (D. Nev. 2025). There, the court found that the following categories of "[p]laintiff homeowners" had Article III standing to challenge the same short-term rental ordinance:

> (1) *No Opportunity to Apply*: those who have no opportunity to apply for a short-term rental license because the Portal has been closed since August 2023 and remains closed; (2) *Applied but Awaiting Action*: those who have applied but whose applications remain unprocessed; and (3) *Operating Without a License*: those who lack a license but continue operating at risk of County fines and/or special assessments.

*Id.* at 1196. Plaintiffs have not alleged facts that put them in any of these three categories. This Court further notes that all three categories were comprised of "homeowners." *Id.* Here, the parties dispute whether Plaintiffs Max and Corinne Dufloo, as trustees of the trust that holds title to the property, are considered owners of the property. The parties do not put forth adequate briefing on the issue,[2] and in any event, the Court need not decide this issue to rule on the standing argument.

---

[2] Defendants argue that "[t]o decide whether the Plaintiffs have standing to bring the property-right-related claims in the amended complaint and to decide whether those claims are plausible, clearly the true owner of the property is at least relevant in the analysis." ECF No. 34 at 2 (cleaned up). But Defendants do not explain why this is relevant or provide any case law on the subject. This Court notes that the ordinance defines "property owner" as "each trustee or principal of that trust or entity" if the property is owned by a

**ii.  Standing as to First Amendment Claims**

In the operative complaint, Plaintiffs allege that the ordinance violates freedom of association and speech, compels speech, and is overbroad under the First Amendment. ECF No. 24, ¶¶ 14, 20. Plaintiffs allege that "the County's elimination of naturist compatible residential lodging, coupled with compelled placards, surveillance, and platform delisting, burdens and chills association in the home . . . ." *Id.*, ¶ 14. They state that No Tan Lines Republik asserts organizational standing on behalf of members and participants whose ability to gather in a private residence is foreclosed. *Id.* Plaintiffs point out that there are no other known short-term lodging accommodations for naturists at any hotel or casino property in Clark County. *Id.* Plaintiffs further allege that the County compels the creation and disclosure of sensitive, non-commercial information by requiring monthly reports of personally identifiable information, booking values, revenues, and other data. *Id.*, ¶ 20.

It appears that Plaintiffs are alleging two distinct injuries: (1) the inability to associate as naturists in a private residence for short-term lodging, and (2) the compelled disclosure of information and mandate of surveillance hardware. Neither constitutes an injury-in-fact. The first injury Plaintiffs describe is *not* the inability to associate as naturists (indeed, the ordinance says nothing about naturists). Rather, Plaintiffs allege that they are unable to monetize their gatherings by operating a short-term rental. Thus, Plaintiffs fail to allege an invasion of a "legally protected interest" as to this claim because their injury does not restrict or compel association under the

---

trust or other corporate or legal entity. Clark County Code § 7.100.020(o). Plaintiffs argue that they are real parties in interest under Nevada law. ECF No. 33 at 6. Even if true, this does not remedy Article III standing as it is a distinct concept:

> Standing and real party in interest are two distinct concepts, but both are necessary to prevail. Standing requires that there be an injury-in-fact fairly traceable to the actions of the defendant that is redressable by the Court, and these elements are "an indispensable part of the plaintiff's case." The real party in interest requirement, on the other hand, focuses on ensuring that the proper plaintiff is prosecuting the claim, i.e., that the plaintiff is the person who possesses the right to be enforced. Real party in interest, unlike standing, is not jurisdictional.

*Bering Strait Sch. Dist. ex rel. GBC, LLC Contractors v. Safeco Ins. Co. Payment Bond No. 6092134*, No. A04-0202 CV (RRB), 2005 WL 1287452, at *2 (D. Alaska May 25, 2005). Plaintiffs further argue that "even if legal title is held through the Ticonia Trust, that does not eliminate the pleaded injuries tied to occupancy, possession, use privacy, association, …." ECF No. 33 at 6. Plaintiffs fail to support this argument with case law or other legal authority.

First Amendment. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The second injury Plaintiffs describe is hypothetical. They do not allege that they are subject to the ordinance and have been compelled to disclose information or install surveillance hardware. Plaintiffs have failed to establish an injury as to their overbreadth challenge as well because they have not demonstrated an injury-in-fact. *See Lopez v. Candaele*, 630 F.3d 775, 781 (9th Cir. 2010) ("Even when plaintiffs bring an overbreadth challenge to a speech restriction, i.e., when plaintiffs challenge the constitutionality of a restriction on the ground that it may unconstitutionally chill the First Amendment rights of parties not before the court, they must still satisfy 'the rigid constitutional requirement that plaintiffs must demonstrate an injury in fact to invoke a federal court's jurisdiction.'") (quoting *Dream Palace v. Cnty. of Maricopa,* 384 F.3d 990, 999 (9th Cir. 2004)).

The Court further considers whether Plaintiffs can allege an injury under a pre-enforcement action. They cannot. In pre-enforcement cases, courts consider whether a plaintiff has shown: (1) a reasonable likelihood that the government will enforce the challenged law against them; (2) they intend to violate the challenged law; and (3) whether the challenged law is inapplicable to the plaintiffs, either by its terms or as interpreted by the government. *Lopez*, 630 F.3d at 786. Plaintiffs have not alleged that that the County is reasonably likely to enforce the ordinance against them such that they will be compelled to disclose information or install surveillance hardware (first factor). And it is unlikely the ordinance will be enforced against them given that Plaintiffs have not applied for a short-term rental license. In addition, Plaintiffs do not allege that they intend to violate the challenged law (second factor) or that the law is inapplicable to them (third factor).

In sum, Plaintiffs have not alleged an injury-in-fact sufficient to establish Article III standing as to any of their claims. Because the Court finds that Plaintiffs do not have standing, it does not consider Defendant Clark County's other arguments. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of

announcing the fact and dismissing the cause.'"); *see also SERIES 15-09-321 v. Ins. Exch.*, No. CV 23-8684-KK-ASX, 2024 WL 6078952, at *4 n.3 (C.D. Cal. May 28, 2024) (declining to address remaining arguments in a motion to dismiss after dismissing a complaint based on lack of subject-matter jurisdiction, even when dismissal was with leave to amend). That said, Plaintiffs may be able to allege facts to show standing and thus will be given leave to amend.[3]

## III.    CONCLUSION

**IT IS ORDERED** that Defendant Clark County's motion for judgment on the pleadings (ECF No. 32) is **GRANTED in part.** Plaintiffs' complaint (ECF No. 24) is dismissed without prejudice and with leave to amend for lack of standing. Plaintiffs will have until June 22, 2026, to file an amended complaint.

DATED: May 26, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[3] While the general rule is that plaintiffs lack standing to challenge rules or policies to which they have not actually applied for the desired benefit, *United States v. Baugh*, 187 F.3d 1037, 1041–42 (9th Cir. 1999), there are several exceptions. *See City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 755–56 (1988) ("[W]hen a licensing statute allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity, one who is subject to the law may challenge it facially without the necessity of first applying for, and being denied, a license."); *see also Stavrianoudakis v. United States Fish & Wildlife Serv.*, 108 F.4th 1128, 1136 (9th Cir. 2024) (explaining that the "forced choice" to surrender one constitutional right as a condition for a state benefit may create an injury-in-fact; *see also Desert Outdoor Advert., Inc. v. City of Moreno Valley*, 103 F.3d 814, 818 (9th Cir. 1996) ("Desert and OMG also have standing to challenge the permit requirement, even though they did not apply for permits, because applying for a permit would have been futile."). Given the sparse facts alleged, it is unclear whether Plaintiffs may be able to allege an injury-in-fact without first applying for a short-term rental license. Put differently, this Court cannot say that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203. F.3d 1122, 1127 (9th Cir. 2000).